IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESUS GAMEZ, #29226-177** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **3:13-CV-0980-D-BK** |
| | § | **(3:11-CR-0081-D(03))** |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro* se motion to vacate sentence under 28 U.S.C. § 2255, alleging *inter alia* that counsel rendered ineffective assistance by not filing a requested direct appeal. (Doc. 1 at 4-6)  As reflected in counsel's affidavit, attached to the section 2255 motion, Petitioner intended to appeal both his conviction for conspiracy to distribute cocaine and the revocation of his supervised release in a separate case. (Doc. 2 at 9-10).  Counsel, however, inadvertently prepared a notice of appeal only in the latter case, unaware that he was required to file separate notices of appeal and represent Petitioner until discharged in both cases.  *Id.*[1]

In its response, the Government concedes that counsel rendered ineffective assistance, and requests that Petitioner's appellate rights be reinstated subject to his valid appellate waiver. (Doc. 6 at 1-2, 5).

Counsel's failure to file a notice of appeal as Petitioner requested constitutes constitutionally ineffective assistance of counsel.  *See Roe v. Flores-Ortega,* 528 U.S. 470, 484 (2000) ("when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal"); *United States v. Tapp,* 491 F.3d 263,

---

[1] The Government indicates that it has independently confirmed the accuracy of counsel's affidavit. (Doc. 6 at 5).

266 (5th Cir. 2007) (*Flores-Ortega* applies even if the defendant waived the right to appeal or collateral review). Thus, Petitioner is entitled to file an out-of-time appeal. *See United States v. West*, 240 F.3d 456, 459-60 (5th Cir. 2001) (when an attorney renders constitutionally ineffective assistance of counsel in failing to preserve appellate rights, the defendant is entitled to an out-of-time appeal and the criminal judgment must be re-entered/reinstated to trigger the running of a new appeal period).

Accordingly, it is recommended that the section 2255 motion be granted as to the first and second claims, that Petitioner be permitted to file an out-of-time appeal, and that the remaining section 2255 claims be dismissed without prejudice.

SIGNED April 17, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE